**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Penny Miller,<br><br>                             *Debtor*. | Case No. 25-12301-amc<br>Chapter 13 |

**Order Approving Sale of 977 Hickory Ridge Drive to Shohruh Burkhonov**

     **AND NOW**, upon consideration of the *Amended Motion to Sell Real Property Under 11 U.S.C. § 363(b)* filed by Debtor Penny C. Miller, notice to all interested parties, the filing of any response thereto, and after a hearing before the Court and for good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor is authorized to sell her real property commonly known as **977 Hickory Ridge Drive** in the Township of Warrington, County of Bucks, School District of Central Bucks, and State of Pennsylvania (the "Property"), for the sale price of **$775,000**, pursuant to the terms of a certain real estate agreement of sale dated as of January 17, 2026, to the buyer thereunder, **Shohruh Burkhonov** (the "Buyer"), who have been represented to be purchasing the Property at arms-length.

3. The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, must be distributed substantially in the following manner:

   | | |
   |---|---:|
   | Wells Fargo (Claim No. 24) | $585,733 |
   | Pa. Dep't of Revenue (Claim No. 1) | $497 |
   | Ordinary and reasonable settlement costs: | $449 |
   | Real estate taxes, sewer, trash, and other such items: | $2,800 |
   | Property repairs: | $0 |
   | Real estate commission (at no greater than 6%): | $38,750 |
   | Real estate transfer taxes: | $7,750 |
   | Attorney's fees: | $0 |
   | Other: | $0 |

4. After paying all liens in full and all costs of sale, the title clerk shall pay:

   a. $39,457 to Scott F. Waterman, Chapter 13 trustee, to be held by the standing trustee as a special receipt, to be available under the Debtor's plan for distribution to unsecured creditors, and then

   b. the balance of the sales proceeds, if any, to the sellers.

5. The Debtor shall immediately amend her plan, consistent with this Order and the sale of the Property.

6. The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of any objections to the sums to be disbursed. The title clerk shall then fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

7. If this Order is entered prior to confirmation of the Debtor's chapter 13 plan, the Debtor shall not be permitted to voluntarily dismiss this case; the Debtor may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

8. The stay imposed by Fed. R. Bankr. P. 6004(h) is waived, and this order is effective immediately.

Date:

Ashely M. Chan
Chief U.S. Bankruptcy Judge